Matter of Bains (2025 NY Slip Op 04782)

Matter of Bains

2025 NY Slip Op 04782

Decided on August 27, 2025

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.

2022-02193

[*1]In the Matter of Tejinder Singh Bains, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Tejinder Singh Bains, respondent. (Attorney Registration No. 2573244)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on December 8, 1993.

David W. Chandler, Brooklyn, NY (Susan Korenberg of counsel), for petitioner.
Law Office of Meredith Heller, PLLC, New York, NY, for respondent.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts commenced a formal disciplinary proceeding against the respondent by serving and filing a notice of petition dated July, 27, 2023, and a verified petition dated July 26, 2023, containing two charges of professional misconduct. The respondent served and filed a verified answer dated September 15, 2023, admitting the factual allegations but denying any violation of the Rules of Professional Conduct. By decision and order on application dated November 2, 2023, the matter was referred to the Honorable Arthur J. Cooperman, as Special Referee, pursuant to 22 NYCRR 1240.8(b)(1), to hear and report. In a report dated May 23, 2024, the Special Referee sustained both charges in the petition. By notice of motion dated July 12, 2024, the Grievance Committee moves to confirm the report of the Special Referee sustaining both charges of professional misconduct and to impose such discipline upon the respondent as the Court deems just and proper. The respondent submits an affirmation in support of confirming the Special Referee's report and to impose the sanction of a private admonition based on the mitigation submitted.
The Petition 
The respondent was a managing partner in the law firm Ali & Bains, PC, and was a signatory on an escrow account at Chase Bank titled "Ali & Bains, PC, Attorney Trust Account IOLA" with an account number ending in 5892 (hereinafter the escrow account).
Charge one alleges that between June 8, 2018, and March 2, 2020, the escrow account had a rolling shortage of up to $80,000 and escrow checks disbursed by the respondent during this period cleared against other client funds in the escrow account. Therefore, the respondent misappropriated funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0).
Charge two alleges that the respondent failed to maintain required bookkeeping records for the escrow account by failing to maintain an accurate ledger or similar record showing the source of all funds deposited, the names of all persons for whom the funds were held, a description and amount of funds held, and the names of all persons to whom such funds were disbursed, in violation of rule 1.15(d) of the Rules of Professional Conduct.
The Hearing Record 
A hearing was held on March 18, 2024. No witnesses were presented by the Grievance Committee, and the Grievance Committee rested on the 11 exhibits entered into evidence, without objections, to prove its case in chief.
The respondent testified on his own behalf and submitted the testimony of one character witness. The respondent testified that he opened his law firm, Ali & Bains, PC (hereinafter the law firm), with Shahid Ali in 2009. Prior to that, he worked at the Legal Aid Society.
In 2014, the law firm received a Dismissal with Advisement letter from the Grievance Committee concerning the escrow account. Thereafter, according to the respondent, it was agreed that his partner Shahid Ali would solely manage the escrow account, and the respondent no longer issued checks from the escrow account. In 2018, Chase Bank erroneously debited $180,000 from the escrow account pursuant to a check that was issued for $100,000. This error caused the rolling shortage referenced in charge one and was not detected until 2020. Because of this shortage, in 2018, five checks in small amounts also were dishonored from the escrow account. According to the respondent, because Ali had a good relationship with Chase Bank, Ali convinced the bank not to report the dishonored checks. The respondent learned after the incidents that Ali had transferred funds from an operating account of the law firm into the escrow account to cover the deficiencies. The record does not reflect that dishonored check notices were issued by Chase Bank.
In reflecting on the misconduct that led to the Grievance Committee initiating a disciplinary proceeding, the respondent states
"I will never issue an escrow check for the rest of my life. My practice doesn't require any escrow at all. And two, just thinking about closing the barn door after the horse has left, I should have been more vigilant. I should not have accepted what Mr. Ali was telling me at face value. I should have looked for reconciliation. I should have been more aware. I should have been more aware of my duties and I did not do my duties. All I can say is it wasn't intentional and I had no intent to hurt any of my clients, and I also learned that I have a duty, not just an ethical obligation but a moral obligation to make sure that the money that is still present is safeguarded and contained or reach out to the people who did not cash those checks."
The respondent stated that he did not realize how poorly the escrow account was managed until the investigation by the Grievance Committee began and he was asked to provide records and ledgers associated with the escrow account. According to the respondent, he previously had reviewed the escrow account records, but since hundreds of checks were being issued involving transactions of approximately $45 million dollars, he did not fully understand the account records.
The respondent explained that his area of practice involves public interest work. He represents Sikh Temples in Manhattan and Nassau County. He also represents victims of domestic violence in both criminal court and family court and performs some landlord/tenant work. He is the general counsel for an organization called United Sikhs. One character witness was called to testify in mitigation and the respondent provided eight character affidavits in support of his good character and reputation.
The Special Referee's Report 
In a report dated May 23, 2024, the Special Referee sustained both charges and found that the respondent took full responsibility for his misconduct and acknowledged he should have taken steps to ensure that the fiduciary funds in the escrow account were protected.
Findings and Conclusion 
In view of the evidence adduced at the hearing and the respondent's admissions, we find that the Special Referee properly sustained both charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted. In determining an appropriate measure of discipline, we have considered in mitigation, inter alia, the respondent's extensive pro bono work, the evidence of his positive character, his expressed remorse for his misconduct, his lack of venal intent as the initial shortage was caused by a bank error, and the remedial measures implemented to properly maintain the escrow account. Notwithstanding the [*2]mitigation advanced, we find that the respondent failed to honor his obligations as a fiduciary.
Under the totality of the circumstances, we find that the respondent's conduct warrants a public censure.
LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Tejinder Singh Bains, is publicly censured for his professional misconduct.
ENTER:
Darrell M. Joseph
Clerk of the Court